UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACQUELINE M. BREWINGTON,          )
        Plaintiff,          )
                   )  C.A. No. 04-10598-MEL
     v.          )
                   )
NANCY COLEMAN,          )
       Defendant.          )
                   )
_____
JACQUELINE M. BREWINGTON,          )
        Plaintiff,          )
                   )  C.A. No. 04-10609-MEL
     v.          )
                   )
KRIS GROTELUESCHEN          )
and AUBREY O. FRANCOIS,          )
       Defendants.          )
                   )

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's complaints are dismissed without prejudice for lack of subject-matter jurisdiction.

FACTS

On March 25, 2004, plaintiff Jacqueline Brewington, a resident of Chelsea, Massachusetts, filed two complaints and an application to proceed without prepayment of fees. In both complaints, Brewington alleges that she is the true owner of a home in Dorchester, Massachusetts, and that the defendants "forced" her out of the home. Coleman Complaint, p. 1. Grotelueschen Complaint, p. 1.

She contends that defendant Coleman is using the garage at the Dorchester residence and that defendants Grotelueshchen and Francois

currently reside at the home.  Brewington claims that when she attempted to have Grotelueschen and Francois removed from the residence, these defendants asserted that they have title to the home and obtained a restraining order against her in Superior Court. Grotelueschen Compl. p. 1-2.  Brewington seeks, among other things, an order directing the defendants to make repairs on the residence and garage and to pay her damages.  Id. at p. 3; Coleman Compl. p. 2.

ANALYSIS

I.  The Court May Screen The Complaint

Because plaintiff seeks to file these complaints without prepayment of the filing fee, summonses have not issued in order to allow the Court to review plaintiff's complaints to determine if they satisfy the requirements of Section 1915 of title 28, the federal in forma pauperis statute.  See 28 U.S.C. § 1915.

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  When subject-matter jurisdiction is lacking, there is no arguable

or rational basis in law or fact for a claim, <u>Mack v. Massachusetts</u>, 204 F. Supp.2d 163, 166 (D. Mass. 2002), and the  action may be dismissed <u>sua</u> <u>sponte</u> and without notice under Section 1915. <u>Neitzke</u>, 490 U.S. at 327-328 (interpreting the former § 1915(d)); <u>accord</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).("clearly baseless" actions may be dismissed).

II.  The Court Lacks Subject-Matter
     <u>Jurisdiction Over Plaintiff's Claims</u>

This Court has an obligation to inquire <u>sua</u> <u>sponte</u> whether subject-matter jurisdiction exists and to proceed no further if such jurisdiction is lacking.  <u>In re Recticel Foam Corp.</u>, 859 F.2d 1000, 1002 (1st Cir. 1988).  Thus, if the Court determines that subject-matter jurisdiction does not exist, it must dismiss the case and not reach the merits.  <u>Pallazola v. Rucker</u>, 797 F.2d 1116, 1128 (1st Cir. 1986).

In order for this Court to review plaintiff's claims, it must either have (1) federal question or (2) diversity subject-matter jurisdiction.  <u>See</u> 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).

A.  <u>The Complaint Does Not Involve a Federal Question</u>

Federal district courts have original jurisdiction over "federal question" cases.  A federal question "aris[es] under the

3

Constitution, laws, or treaties of the United States."  28 U.S.C. §
1331; <u>Viqueira v. First Bank</u>, 140 F.3d 12, 17 (1st Cir. 1998).  A
claim arises under federal law within the meaning of Section 1331 if
a federal cause of action emerges from the face of a well-pleaded
complaint.  <u>See City of Chicago v. International College of Surgeons</u>,
522 U.S. 156, 163 (1997).  The well-pleaded complaint rule generally
restricts the exercise of federal question jurisdiction to instances
in which a federal claim is made manifest within the four corners of
the plaintiff's complaint.  <u>Viqueira</u>, 140 F.3d at 17.

Here, plaintiff alleges that she is entitled to possession of a
house and names three private citizens as defendants.  She does not
state that she seeks relief pursuant to the Constitution, laws, or
treaties of the United States, nor does it appear that such a claim
is available to her.  Thus, no federal question exists and this Court
does not have federal question subject-matter jurisdiction over
plaintiff's claims.  <u>See</u> 28 U.S.C. § 1331; <u>Viqueira</u>, 140 F.3d at 19
(affirming dismissal).

B.  <u>There is No Basis for Diversity Jurisdiction</u>

District courts also have original jurisdiction over civil
actions between citizens of different states where the amount in
controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Diversity must be
complete:  the citizenship of each plaintiff must be shown to be
diverse from that of each defendant.  <u>Owen Equip. & Erection Co. v.</u>

Kroger, 437 U.S. 365, 373-74 (1978).

Plaintiff does not allege that diversity exists, and it does not appear that diversity exists from the face of the complaint:  all of the parties appear to be Massachusetts citizens.  See Compl. p. 1. Because the citizenship of plaintiff and the defendants are not alleged to be diverse, diversity jurisdiction under Section 1332 does not exist and plaintiff's claims thus are subject to dismissal on this basis as well.  Paparella v. Idreco Invest, 858 F. Supp. 283, 284 (D. Mass. 1994) (dismissing).

CONCLUSION

ACCORDINGLY, this Court finds no arguable legal basis for these complaints, and these actions will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated at Boston, Massachusetts, this 31st day of March, 2004.


                              s/ Morris E. Lasker
                              MORRIS E. LASKER
                              UNITED STATES DISTRICT JUDGE

5